IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ONI ROBERTS, | |
| Plaintiff, | CIVIL ACTION FILE No. 1:18-cv-05229-MHC-AJB |
| v. | |
| BANK OF AMERICA CORPORATION, *et al* | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT [DOC. 10]

Defendant Bank of America Corporation[1] ("BANA" or "Defendant"), respectfully submits this memorandum in support of the filed Motion to Dismiss Plaintiff Oni Robert's (collectively "Plaintiff") First Amended Verified Complaint [Doc. 10] ("Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION

The Amended Complaint still does not cure the deficiencies noted by BANA

---

[1] Plaintiff has improperly named Bank of America Corporation as the defendant. Bank of America Corporation is the parent entity of Bank of America, National Association, which is the proper defendant.

1

in its Motion to Dismiss the Plaintiff's original Complaint [Doc. 5]. The Amended Complaint is still barred by the doctrines of res judicata and collateral estoppel. Additionally, none of the new claims in the Amended Complaint can survive scrutiny under controlling case law. For the reasons set forth below, the Amended Complaint should be dismissed with prejudice.

## II.     FACTUAL ALLEGATIONS[2]

Oni Roberts ("Plaintiff") is undoubtedly familiar to this Court, as this case is simply one in a series of frivolous attempts to challenge a consummated foreclosure sale. The subject real property of this action, like the others, is located at 5371 Charity Way, Stone Mountain, GA 30083 ("Property"). [Doc. 1-1, ¶¶ 5, 52].

The Property was conveyed to the Plaintiff and Forrest G. Roberts, Jr. ("Mr. Roberts") on July 25, 2006, by virtue of the Special Warranty Deed recorded on August 15, 2006, in Deed Book 19045, Page 29, DeKalb County, Georgia records. [Doc. 1-1, ¶ 17]. The subject Security Deed was executed by the Plaintiff and Mr. Roberts on July 25, 2006, conveying the Property to BANA to secure a mortgage loan ("Loan") in the amount of $302,000.00 ("Security Deed"). [Doc. 1-1, ¶ 18]. The Security Deed was recorded on August 15, 2006, in Deed Book 19045, Page 31,

---

[2] The factual allegations set forth below are taken as true only for purposes of this motion; BANA does not admit them by including them here.

2

DeKalb County, Georgia records. (A true and correct copy of the Security Deed is attached hereto as Exhibit "A".)[3]

The Security Deed was last assigned to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust ("Wilmington"), on December 16, 2014, by virtue of the Assignment of Security Deed recorded on December 26, 2014, in Deed Book 24720, Page 754, DeKalb County, Georgia records ("Second Assignment"). (A true and correct copy of the Second Assignment is attached hereto as Exhibit "B".)

Following the Plaintiff and Mr. Roberts's default under the terms of the Security Deed, the Property was sold at foreclosure sale on October 6, 2015, and purchased by Wilmington as the highest and best bidder ("Foreclosure Sale"), as evidenced by the Deed Under Power recorded on November 13, 2014, in Deed Book 25259, Page 309, DeKalb County, Georgia records ("Deed Under Power"). (A true and correct copy of the Deed Under Power is attached hereto as Exhibit "C").

---

[3] This Court can take judicial notice of public records without converting this motion to one for summary judgment. *See Bryant v. Avado Brands, Inc*. 187 F.3d 1271, 1278 (11th Cir. 1999); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 355, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Mcfarland v. BAC Home Loans Serv., LP,* No. 1:11–cv–4061–RWS, 2012 WL 2205566, at *1 n. 2 (N.D.Ga. June 14, 2012); *Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-1301-WSD, 2015 WL 881252, at *1 (N.D. Ga. Mar. 2, 2015)

On December 11, 2015, Wilmington conveyed the Property to Primestar by virtue of the Special Warranty Deed recorded on December 17, 2015, in Deed Book 25311, Page 454, DeKalb County, Georgia records ("Special Warranty Deed"). (A true and correct copy of the Special Warranty Deed is attached hereto as Exhibit "D".)

The Plaintiff is no stranger to Georgia courts, having already filed four other cases regarding the same subject matter, namely, the Security Deed, the Second Assignment, the Foreclosure Sale, and the subsequent dispossessory proceedings (collectively "Prior Lawsuits") as follows:

1) On December 3, 2015, the Plaintiff filed a Complaint in the State Court of DeKalb County against Statebridge Company, LLC ("Statebridge,") the servicer of the Loan, challenging the validity of the Second Assignment, which was ultimately transferred to the Superior Court of DeKalb County and assigned Case No. 16CV6531 ("*Roberts I*"). The Plaintiff's claims were dismissed on March 21, 2017, when the Superior Court of DeKalb County granted Statebridge's Motion for Judgment on the Pleadings, and the Plaintiff did not appeal that Order. (A true and correct copy of the *Roberts I* Order is attached hereto as Exhibit "E".)

2) On April 8, 2016, the Plaintiff filed suit against Primestar in the Superior Court of DeKalb assigned Case No. 16CV4403-2, which was subsequently removed to this Court, where it was assigned Case No. 1:16-cv-01620-MHC-JKF ("*Roberts II*"). In *Roberts II*, the Plaintiff challenged the Foreclosure Sale and subsequent dispossessory action based upon allegations of a fraudulent or robo-signed Second Assignment, arguments readily dismissed with prejudice by this Court. (True and correct copies of the *Roberts II* Orders are attached hereto as Exhibit "F".)

3) On May 4, 2016, the Plaintiff appealed the Magistrate Court of DeKalb County's grant of a writ of possession (in Case No. 16D075306) to Primestar to the Superior Court of DeKalb County, where it was assigned Case No. 16CV5275 ("*Roberts III*"). The Superior Court of DeKalb County dismissed Plaintiff's dispossessory appeal on October 23, 2018. (A true and correct copy of the *Roberts III* Order is attached hereto as Exhibit "G".)

4) On April 24, 2017, Plaintiff filed suit against Primestar in the Superior Court of DeKalb assigned Case No. 17CV4661-2, which was subsequently removed to this Court, where it was assigned Case No. 1:17-cv-01915-MHC ("*Roberts IV*"). In *Roberts IV*, the Plaintiff again attempt to

5

challenge the Loan origination and the subsequent Foreclosure Sale, arguments readily dismissed with prejudice by this Court and then affirmed by the United States Court of Appeals for the Eleventh Circuit. (True and correct copies of the *Roberts IV* Orders are attached hereto as Exhibit "H".)

The Amended Complaint is difficult to follow, and primarily consists of a confusing and conclusory argument against mortgage loan securitization in general. From what BANA is able to decipher, it appears that Plaintiff primarily contends that Defendants lacked standing to foreclose on the Property. [Doc. 10, generally]. Based upon this allegation, Plaintiff request damages and request that this Court grant her a temporary restraining order preventing Defendants from evicting her from the Property. Because the Plaintiff fails to state any claim upon which relief can be granted, BANA now file the instant Motion to Dismiss Plaintiff's Amended Complaint.

## IV.   <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in the Amended Complaint must be accepted as true and construed in the light most favorable to Plaintiff. *See Young Apartments,*

*Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008).   However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are enough to raise a right to relief above the speculative level. "[A]lthough pro se pleadings are governed by less stringent standards than pleadings prepared by attorneys, pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules." *See Habib v. Bank of Am. Corp.*, 2011 WL 5239723, at *3 (N.D.Ga. 2011), adopted by 2011 WL 5239713 (N.D.Ga. 2011) (*internal citations omitted*).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citations and quotations omitted*).   More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).   To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'"   *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*quoting Twombly*, 550 U.S. at 555).

## V.   <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

### A.  <u>Plaintiff's Amended Complaint Should Be Dismissed with Prejudice as a Shotgun Pleading.</u>

Plaintiff's Amended Complaint still epitomizes a shotgun pleading, which have historically been rejected by the Courts in this Circuit. *See, e.g., Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Recently, the Eleventh Circuit held that "[s]hotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) do not re-allege all preceding counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;' (3) do not separate each cause of action or claim for relief into separate counts; or (4) contain counts that present more than one discrete claim for

relief." *Silverthorne v. Yeaman*, 668 F. App'x 354, 355 (11th Cir. 2016). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001); *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

In this case, Plaintiff's Amended Complaint is still a quintessential shotgun pleading. The Amended Complaint is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [Doc. 10]. The Amended Complaint still fails to state any claims for relief under any recognized cause of action; therefore, this Court should dismiss this shotgun Amended Complaint with prejudice.

## B. Plaintiff's Amended Complaint Fails To Comply With Rule 8(a).

As discussed above, Plaintiff still fails to state any claim for relief under any recognized cause of action, and plead only bald legal conclusions without factual support sufficient to raise any right to relief above a speculative level. As a result, the Amended Complaint should be dismissed with prejudice under Rule 12(b)(6) and Rule 8.

In order to avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a).  "Fed. R. Civ. P. 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft*, 129 S. Ct. at 1950; *see also Bell Atlantic Corp.*, 550 U.S. at 555.  Under *Twombly* and *Iqbal*, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing.  *Ashcroft*, 129 S. Ct. at 1949; *Bell Atlantic Corp.*, 550 U.S. at 570. Pleading deficiencies that warrant dismissal include (1) a "confused and rambling narrative of charges and conclusions," (2) an "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." *Poblete v. Goldberg*, 680 F. Supp. 2d 18 (D.D.C. 2009) (dismissing with prejudice the complaint where the complaint was comprised of confusing legal theories and insufficient factual pleadings).  A claim for relief must contain more than labels and conclusions.  *Bell Atlantic Corp.*, 550 U.S. at 555.

Here, Plaintiff has still not satisfied the foregoing pleading requirements.  The Amended Complaint relies on excessive legal conclusions without connecting any facts to the conclusions and, therefore, fails to set forth a comprehensible claim against BANA.  Moreover, as discussed above, Plaintiff's Amended Complaint is a

form shotgun pleading. The Amended Complaint fails to identify specific factual matters that would support each claim and, thus, BANA is left to sift through the multitude of paragraphs of irrelevant allegations to determine those that might relate in some way to a claim for relief. Plaintiff haphazardly makes allegations, but none of them support any claims that Plaintiff is attempting to make. This mass of allegations leaves BANA unsure if those allegations relate to a cause of action and need to be addressed. In addition, to the extent that the Amended Complaint identifies any substantive allegations at all, those allegations are entirely conclusory. Notwithstanding, the undersigned will address the most cognizable of Plaintiff's claims contained in the Amended Complaint, to the extent there are any such claims.

**C. Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata.**

Plaintiff, a repeat filer, has brought several suits to stop the non-judicial foreclosure sale of the Property. Her suits have failed. "Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The *res judicata* doctrine "protects a party's adversaries from the expense and vexation

attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (*alts. and cits. omitted*). "Res judicata bars the filing of claims which were raised *or could have been raised* in an earlier proceeding." *Id.* (*emph. added*).

As referenced above, there is no question that this Court's dismissal of the Prior Litigation constitutes prior final judgments on the merits. This Court is also one of competent jurisdiction, and the Prior Litigation involved both Plaintiff and BANA, or its privity. The only issue is whether "the same cause of action is involved in both cases." Here, they are. In this Circuit, "the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239. "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of res judicata." *Id.*

Here, all of Plaintiff's claims in the Amended Complaint still arise from BANA's conduct in connection with Plaintiff's failure to meet her Loan obligations. Though she makes some new allegations here, she should have made these in her

numerous Prior Lawsuits. This Amended Complaint contains no new allegations for any conduct by BANA which could give rise to a new claim. Accordingly, this Court should dismiss the Amended Complaint with prejudice.

### D. **Plaintiff's Complaint is Barred By The Collateral Estoppel Doctrine.**

Plaintiff's claim for breach of contract is still barred by the collateral estoppel doctrine. Where "claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or  issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Data Lease Fin. Corp.*, 904 F.2d at 1501; *accord Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). "Collateral estoppel, or issue preclusion, 'recognizes that suits addressed to particular claims may present issues relevant to suits on other claims' ... and requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (*citation omitted*). The "party seeking to apply the doctrine of collateral estoppel must establish that: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity

to litigate the issue in the prior litigation." *McCulley v. Bank of America, N.A.*, 2015 WL 1474532, at *3 (11th Cir. April 2, 2015) (*citation omitted*). In resolving a claim of issue preclusion, "[a] court 'must look to the factual issues to be resolved [in the second cause of action], and compare them with the issues explored in' the first cause of action." *Manning*, 953 F.2d at 1359 (quoting S.E.L. Maduro v. M/V Antonio De Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987)). "Requiring that issues be 'actually litigated' ensures that collateral estoppel precludes only those issues that were contested by the parties." *Community State Bank v. Strong*, 651 F.3d 1241, 1268 (11th Cir. 2011). "[A] consideration of 'actually litigated' is not addressed to the quality or quantity of evidence or argument presented. Instead, it only requires that an issue was effectively raised in the prior action, and that the adverse party had a fair opportunity to contest the issue." *In re Betts*, 174 B.R. 636, 646 (N.D. Ga. 1994).

Here, Georgia Courts have already upheld the Foreclosure Sale based upon the Security Deed which the Plaintiff again tries to challenge in her breach of contract claim. [Exs. E, F, G, H]. Thus, this Court should dismiss the Plaintiff's breach of contract claim since it is barred by the collateral estoppel doctrine.

E. **Plaintiff's Amended Complaint Fails To State A Claim For Fraud (Count 1).**

Plaintiff's fraud claims should be dismissed because these claims are barred by the four-year statute of limitations for fraud claims and Plaintiff has failed to plead fraud with the particularity required by Rule 9(b). *See* O.C.G.A. § 9-3-31; *Anthony v. Am. Gen. Fin. Servs., Inc*., 626 F.3d 1318, 1321 (11th Cir. 2010).  Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting the fraud or mistake."   Such particularity is required to ensure that defendants have fair notice of "the precise misconduct with which they are charged" and to safeguard against "spurious charges of immoral and fraudulent behavior." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006). The Eleventh Circuit has held that the particularity requirement of 9(b) is satisfied if the complaint alleges:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intern, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (*internal citations and quotations omitted)*.

Under Georgia law, in order to plead a claim for fraud, a plaintiff must allege five essential elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. *Lehman v. Keller,* 297 Ga. App. 371, 372-73 (Ga. Ct. App. 2009); *RMS Titanic, Inc. v. Zaller*, 978 F.Supp.2d 1275 (N.D. Ga. 2013). Furthermore, to state a claim for fraud in the inducement, a plaintiff must show that the defendant failed to perform a promised act and that the defendant had no intention of performing when the promise was made. *Nash v. Roberts Ridge Funding, LLC*, 305 Ga.App. 113, 116, 699 S.E.2d 100 (Ga. Ct. App. 2010). In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." *Ekeldo v. Amporful*, 281 Ga. App. 817, 819, 642 S.E.2d 20 (Ga. Ct. App. 2007); (internal citations omitted).

Plaintiff's Amended Complaint fails to sufficiently assert of action for mortgage fraud under O.C.G.A. § 16-8-101. [Doc. 10, ¶¶ 64-95]. Plaintiff's fraud claim is based on her contention that BANA improperly approved her Loan. [Doc. 10, ¶¶ 64-95]. Plaintiff provides no explanation as to why this allegation creates

liability for "mortgage fraud," nor how this allegation establishes a violation of a criminal statute like O.C.G.A. § 16-8-102. Therefore, the mortgage fraud cause of action should be dismissed as a matter of law. *See Parchment v. Ocwen Loan Servicing,* No. 1:14-CV-1037-CC-JCF, 2014 WL 12069863, at *4 (N.D. Ga. Nov. 20, 2014), report and recommendation adopted, No. 1:14-CV-1037-CC, 2014 WL 12360942 (N.D. Ga. Dec. 11, 2014) (dismissing a plaintiff-borrower's mortgage fraud cause of action).

Additionally, Plaintiff's fraud allegations are meritless since all of the fraud claims relate to the Loan's origination and fall well outside the four (4) year statute of limitations for pleading fraud. Under Georgia law, there is a four-year statute of limitations on fraud claims. O.C.G.A. § 9-3-31; *see Anthony v. Am. Gen. Fin. Servs., Inc.,* 626 F.3d 1318, 1321 (11th Cir. 2010). Here, the loan was originated in 2006, but the Plaintiff did not file this lawsuit until 2018. Therefore, the fraud claims relating to the Loan's origination fall well outside the statute of limitations.

Plaintiff's fraud claim must also be dismissed because Plaintiff has failed to plead either scienter or intent. First, Plaintiff make no specific allegations that a BANA's representative allegedly made a misrepresentation to her, let alone a misrepresentation made with the intent to deceive her. This failure to plead scienter, an essential element of a fraud claim, alone warrants dismissal of that claim. In

17

addition, Plaintiff has not set forth any facts demonstrating BANA's intent in making an alleged statement. Because Plaintiff fails to allege that BANA intended to induce her to act or refrain from acting, a fraud claim cannot stand.   For all these reasons, the Court should dismiss Plaintiff's fraud claim set forth in the Amended Complaint.

F. **Plaintiff's Amended Complaint still Fails To State A Claim For Breach of Contract (Count 2).**

Plaintiff's allegations that BANA breached the terms of the Security Deed by allegedly improperly servicing the Loan is meritless. [Doc. 10, ¶¶ 96-121].

First, to the extent Plaintiff's breach of contract claim asserted against BANA arises out of the origination of the Loan in 2006, it would be subject to dismissal as time-barred by the applicable six-year statute of limitations. [Doc. 1, ¶¶ 64-111]. *See* O.C.G.A. § 9-3-24; *Neysmith v. McCalla Raymer, LLC*, No. 314CV00050TCBRGV, 2014 WL 12480028, at *5 (N.D. Ga. Sept. 18, 2014), report and recommendation adopted, No. 3:14-CV-50-TCB, 2014 WL 12498229 (N.D. Ga. Nov. 3, 2014).

Second, Plaintiff's breach of contract claim also fails as a matter of law because Plaintiff has failed to allege facts sufficient to support a claim for breach of contract. "Under Georgia contract law, '[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3)

damages arising therefrom.'" *Kabir v. Statebridge Co.,* LLC, No. 1:11-CV-2747-WSD, 2011 WL 4500050, at *7 (N.D. Ga. Sept. 27, 2011) (*quoting TDS Healthcare Sys. Corp. v. Humana Hosp. Ill., Inc.*, 880 F. Supp. 1572, 1583 (N.D. Ga. 1995)); *see also TechBios, Inc. v. Champagne,* 301 Ga. App. 592, 595 (2009) ("The elements for a breach of contract claim in Georgia are the breach, which must be more than de minimis, and the resultant damages to the party having the right to complain about the contract being broken."). "A plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *Kabir*, 2011 WL 4500050, at *7; s*ee also Am. Casual Dining, L.P. v. Moe's Sw. Grill*, LLC, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (applying Georgia law and reasoning that "because [plaintiff] cannot point to any contractual provision that [defendant] breached . . . [plaintiff] cannot state a claim for breach of contract based on these allegations").

Here, Plaintiff's breach of contract claim fails because she has failed to plausibly plead an essential element of this claim: causation. Applying Georgia law, the Eleventh Circuit in *Rourk v. Bank of America National Association* has explained that the failure to make required payments is fatal to breach of contract claims:

> Under these circumstances, Rourk had an obligation to continue
> making payments she knew she owed, and Rourk's nonpayment is fatal

to her claim for *breach of contract* and wrongful foreclosure, as her
"alleged injury was solely attributable to [her] own acts or omissions."
*Heritage Creek Dev. Corp v. Colonial Bank*, 268 Ga. App. 369 (2004).

587 F. App'x 597, 600 (11th Cir. 2014) (*emphasis added*). In her Amended
Complaint, the Plaintiff does not allege that she was current on her Loan's monthly
payments at the time of the Foreclosure Sale. [Doc. 10, generally]. Therefore,
because BANA could not have caused Plaintiff any alleged damages, Plaintiff's
breach of contract claim should be dismissed. For these reasons, Plaintiff's breach
of contact claim must be dismissed.

## G. **Plaintiff's Amended Complaint Fails To State A Claim For Negligence (Count 6).**

Plaintiff also seeks relief against BANA for alleged negligence. [Doc. 10, ¶¶
166-168]. To state a claim for negligence under Georgia law, Plaintiff must allege
sufficient facts to establish: (1) a legal duty to conform to a standard of conduct
raised by the law for the protection of others against unreasonable risks of harm; (2)
a breach of this standard; (3) a legally-attributable causal connection between the
conduct and the resulting injury; and (4) some loss or damage flowing to the
plaintiff's legally protected interest as a result of the alleged breach of the duty.
*Montgomery v. PNC Bank, N.A.,* No. 1:12-CV-0265-AT-JSA, 2014 WL 11531623,

at *7 (N.D. Ga. July 21, 2014); *Bradley Ctr., Inc. v. Wessner*, 296 S.E.2d 693, 695 (Ga. 1982); *Coote v. Branch Banking & Trust Co.*, 664 S.E.2d 554, 557 (Ga. Ct. App. 2008).

In this case, Plaintiff again lists out the same nine (9) duties that BANA allegedly owed to the Plaintiff stemming from their banking relationship. [Doc. 10, ¶ 166]. The negligent actions or inactions that Plaintiff asserts against BANA all arise out of the bank's administration of its Loan, and the damages it claims flow directly therefrom. Plaintiff provides absolutely no authority to suggest that Georgia law recognizes these things as "duties of care" between a borrower and lender.

Generally, there is no duty of care owed between such arms-length parties. *See Pardue v. Bankers First Fed. Savings & Loan Ass'n*, 334 S.E.2d 926, 927 (Ga. Ct. App. 1985) ("There is ... particularly no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests."). Indeed, a breach of a contractual duty generally gives rise to a breach of contract claim, not a tort. *See USF Corp. v. Securitas Sec. Services USA Inc.*, 699 S.E.2d 554, 558 (Ga. Ct. App. 2010). Thus, the Georgia Court of Appeals has held that a bank's alleged negligence in its performance of its obligations under a loan contract with a borrower is not generally subject to a tort claim in the absence of a specific legal duty arising outside the terms of the contract:

So far as the record reflects, the only relationship between Buford and the bank was that which arose out of the note and security deed. In order to maintain an action ex delicto because of a breach of duty growing out of a contractual relationship, the breach must be shown to have been a breach of duty imposed by law and not merely the breach of a duty imposed by the contract itself. *Mauldin v. Sheffer*, 113 Ga. App. 874, 878, 150 S.E.2d 150. If there is no liability except that arising out of a breach of the express terms of the contract, the action must be in contract, and an action in tort cannot be maintained.

*Commercial Bank & Trust Co. v. Buford*, 243 S.E.2d 637, 638-39 (Ga. Ct. App. 1978); *see also S & A Indus. v. Bank Atlanta*, 543 S.E.2d 743, 748 (Ga. Ct. App. 2000) ("A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law.") (*quoting Traina Enter. v. RaceTrac Petroleum*, 525 S.E.2d 712 (Ga. Ct. App. 1999)); *Wallace v. State Farm Fire Co*., 539 S.E.2d 509, 512 (Ga. Ct. App. 2000) ("Absent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of contractual duty."). The Georgia Court of Appeals reiterated this principle when it rejected an argument by a borrower that a

bank owed him a general duty of care beyond the terms of the loan contract. *See Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty.,* 660 S.E.2d 801, 856 (Ga. Ct. App. 2008):

Relying on that principle, judges in this Court have dismissed tort claims brought by borrowers based on "negligence" or "negligent servicing" when, as here, the plaintiff asserted that a bank negligently performed its duties in servicing a mortgage loan. *See, e.g., Greaves v. Bank of Am., N.A.,* No. 1:12-CV-02828-RWS, 2013 WL 1147531, *4 (N.D. Ga. 2013) ("Plaintiff has not alleged any duty owed her by Defendants outside of the Security Deed. Under Georgia law, Plaintiff may not assert a tort claim based on an alleged breach of contract.").

Therefore, as a matter of law, Plaintiff's negligence claim fails as to BANA.

## H. **Plaintiff's Amended Complaint Fails To State A Claim For Violation of the Racketeer Influenced and Corrupt Organizations Act (Count 7).**

Plaintiff has also failed to state a claim against BANA for violation of the federal Racketeer Influenced and Corrupt Organizations Act ("Federal RICO") and the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO") (collectively "RICO Claims") [Doc. 10, ¶¶ 169-183].

As an initial matter, Plaintiff's RICO Claims are time barred. For Federal RICO claims, the "statute of limitations under RICO is four years…" *Pac. Harbor*

*Capital, Inc. v. Barnett Bank*, N.A., 252 F.3d 1246, 1251 (11th Cir. 2001). The Georgia RICO "statute of limitations is five years pursuant to O.C.G.A. § 16–14–8." *Radcliffe v. Founders Title Co.*, 720 F. Supp. 170, 175 (M.D. Ga. 1989). "Because Georgia RICO is modeled after federal RICO, Georgia courts consider federal authority to be persuasive in interpreting Georgia RICO." *Brantley v. Muscogee Cty. Sch. Dist.*, 2011 WL 3706567, at *8 (M.D. Ga. 2011). The "RICO statute of limitations begins to run on the date that a plaintiff knew, or should have known, of the injuries that justify the allegations in the complaint." *Pac. Harbor Capital, Inc. v. Barnett Bank*, N.A., 252 F.3d 1246, 1251 (11th Cir. 2001).

Here, Plaintiff alleges that BANA violated RICO when it approved her for a Loan. [Doc. 10, ¶173]. Therefore, the RICO Claims fall well outside the four (4) and five (5) year statute of limitations since this lawsuit was not filed until 2018. For this reason alone, this Court should dismiss Plaintiff's RICO Claims.

But, even if the RICO Claims were not time barred, Plaintiff has sill failed to meet the threshold requirements for the RICO Claims. Generally, Plaintiff alleges that BANA violated RICO when it approved her for a Loan. [Doc. 10, ¶173]. This allegation do not state a viable RICO claim.

The four elements of a RICO claim are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.,* 231

F.3d 1308, 1312 (11th Cir. 2000).   Rule 9(b) of the Federal Rules of Civil Procedure requires that claims of fraud be plead with particularity, and "civil RICO claims, 'which are essentially a certain breed of fraud claims,' must meet the Rule 9(b) pleading requirements." *Thomas v. Bank of Am., N.A.*, 2011 WL 13120644, at *13 (N.D. Ga., 2011); *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (affirming dismissal of RICO complaint for failure to meet Rule 9(b) requirements). The "Eleventh Circuit has specified that, in order to meet the Rule 9(b) standard, 'RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud.'" *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). As will be discussed below, Plaintiff has failed to plead her claim with this level of specificity.

    **a.  Plaintiff Fails To Allege Facts That Would Establish A Pattern Of Racketeering Activity.**

A plaintiff asserting a RICO claim must establish a pattern of racketeering activity, which is shown when a racketeer commits at least two distinct but related predicate acts. *Pelletier, 921 F.2d at 1496*. Moreover, allegations of mail fraud alone

do not generally satisfy RICO's pattern requirement. *See, e.g., Jackson v. Bellsouth Telcomm*, 372 F.3d 1250, 1265 (11th Cir. 2004) (where predicate acts are mail fraud, courts have held that a pattern of racketeering activity requires proof of something beyond the predicate act – mail fraud – itself); *Menasco, Inc. Wasserman*, 886 F.2d 681, 684-85 (4th Cir. 1989) (same); J.G. *Williams Inc. v. Regency Props., Ltd.*, 672 F. Supp. 1436, 1442 (N.D. Ga. 1987); *Bivens v. Roberts*, 2009 WL 891859, at *10 (S.D. Ga. Mr. 31, 2009) (dismissing RICO claims because plaintiffs failed to show "a continuing pattern criminal conduct worthy of the drastic remedy that RICO provides."); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d at 658 (3d Cir. 1998) (RICO allegations should contain "precise content of each particular mailing").

Here, the Amended Complaint's fraud allegations do not meet the RICO standards because Plaintiff does not allege a pattern of racketeering beyond the predicate act itself. *See, e.g., Jackson v. Bellsouth Telcomm*, 372 F.3d 1250, 1265 (11th Cir. 2004). The Amended Complaint fails to allege specific predicate acts of mail and wire fraud with the specificity required by Rule 9(b). The Amended Complaint merely states that certain types of mail and wire communications were made by BANA, and does not in any way identify those communications, their dates, senders, or recipients. [Doc. 10, ¶¶ 169-183]. This is insufficient as a matter of law.

*See Roberts v. Chase Home Fin., LLC,* 2014 WL 11930589, at *8 (N.D. Ga. Jan. 3, 2014) (A RICO claim predicated on mail and wire fraud must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure which requires allegations showing "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.")

Finally, Plaintiff has failed to sufficiently allege the "pattern of racketeering activity" necessary to state a valid RICO claim since all of the Plaintiff's allegations relate to and arise from a single financing transaction—her Loan.  *See Gaylord v. Ocwen Loan Servicing, LLC*, 2013 WL 12291744, at *16 (N.D. Ga. 2013) ("Additionally, plaintiff has failed to sufficiently allege the 'pattern of racketeering activity' necessary to state a valid RICO claim. Although plaintiff's allegations encompass the Forbearance Plan, the proposed Loan Modification, and the allegedly fraudulent transfers of the Note and Security Deed between the defendants, these transactions all relate to and arise from a single financing transaction—the Loan. They therefore fail to constitute a "pattern of racketeering activity" under Georgia law."); *Robert L. Franklin Tr. of Global Liquidating Trust v. Consus Ethanol, LLC*, 2012 WL 3779093, at *3-*4 (N.D. Ga. 2012) (dismissing Georgia RICO claim

27

without prejudice because the alleged misrepresentations stemmed from a single financing transaction and therefore could not constitute a pattern of racketeering activity); *Cobb v. Kennon Realty Servs.*, 382 S.E.2d 697, 699 (Ga. Ct. App. 1989) (finding plaintiff failed to allege a pattern of racketeering activity because the evidence submitted concerned only one extended transaction between the plaintiff and the defendant, even though plaintiff had renewed the note and executed a second security deed); *Foxworthy Inc. v. CMG Life Servs., Inc.*, 2012 WL 1269127, at *7 (N.D. Ga. 2012) (finding no pattern of racketeering activity even though plaintiff alleged fraudulent activity and false statements spanning years and multiple agreements because the conduct arose from a single financing transaction); *Sec. Life Ins. Co. of Am. v. Clark,* 273 Ga. 44, 535 S.E.2d 234, 238 (2000) (recognizing the single transaction defense); *Stargate Software Int'l, Inc. v. Rumph*, 224 Ga.App. 873, 482 S.E.2d 498, 503 (1997) ("The fact that elements of two crimes may have been present at two separate points in time does not create two predicate acts out of what is in reality a single transaction."). Specifically, in *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1253, the 11th Circuit held in favor of a defendant when a plaintiff-borrower brought a RICO claim when it held that

> everything that occurred regarding [plaintiff's] loan on the 172 Hilton
>
> Street property was the logical result of that same core thread of

28

misconduct. Thus, even under [plaintiff's] reading, [defendant's] essential actions were not sufficiently distinguishable predicate acts to constitute a pattern of racketeering activity, and the district court correctly granted summary judgment on this claim.

*McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1253 (11th Cir. 2016).

Like the *McGinnis* Court, this Court should hold in favor of BANA since all of the allegation in the Amended Complaint are the result of that same core thread of misconduct. Thus, even under Plaintiff's reading, BANA's actions were not sufficiently distinguishable predicate acts to constitute a pattern of racketeering activity. Thus, because Plaintiff cannot establish fraud even in an individual transaction, she cannot establish a pattern of racketeering activity, i.e., a series of related predicate acts. Plaintiff offers no factual allegations whatsoever that explains what predicate acts actually occurred, how they were related, how they have the same or similar purpose, or the results. In short, there are no allegations that would show that any predicate acts were interrelated and not isolated. Therefore, Plaintiff's Amended Complaint does not establish that BANA engaged in a pattern of racketeering activity.

**b. Plaintiff Has Failed To Establish The Existence Of A RICO Enterprise.**

Plaintiff has also not offered any factual allegations to support a finding of a RICO enterprise. [Doc. 10, ¶¶ 169-183]. To establish an enterprise, a plaintiff must show the existence of: (1) an ongoing organization, formal or informal, (2) that functions as a continuing unit, and (3) is an entity separate and apart from the pattern of activity in which it engages. *U.S. Turkette*, 452 U.S. 576, 583 (1981). It is not sufficient for a plaintiff to allege that an enterprise exists solely as a result of a defendant's alleged racketeering activity or that a defendant participated in the enterprise through a pattern of racketeering activity. The plaintiff must allege facts showing an enterprise existed separate and apart from the pattern of activity in which engages. *U.S. v. Goldin Indus*., Inc., 219 F.3d 1271, 1275 (11th Cir. 2000) (noting that the identity of the enterprise is distinct from the identity of the defendant).

Merely engaging in business actives does not constitute an enterprise under RICO. *See Parm v. Nat'l Bank of California, N.A*., 242 F. Supp. 3d 1321, 1346 (N.D. Ga. 2017) *citing Rosner v. Bank of China*, 528 F.Supp.2d 419, 431 (S.D.N.Y. 2007) ("Rosner's sole allegation is that [the defendant bank] provided banking services that aided in the perpetration of the fraudulent scheme. Regardless of how indispensable or essential such services may have been, rendering a professional service by itself

does not qualify as participation in a RICO enterprise."); *United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund v. Walgreen Co.,* 719 F.3d 849, 854 (7th Cir. 2013) (finding that the plaintiffs failed to allege that the defendant pharmacy and drug manufacturers were conducting the affairs of a RICO enterprise, as opposed to their own affairs).

In this case, Plaintiff merely recites the elements of RICO, she does not allege sufficient facts to show that an enterprise existed. Plaintiff fails to allege facts supporting a common "purpose."

Also, Plaintiff has not pointed to a specific legal entity as a RICO enterprise. [Doc. 10, ¶¶ 169-183]. Plaintiff has not sufficiently alleged that BANA conducted the affairs of a RICO enterprise, or that an enterprise existed separate and apart from the purported pattern of racketeering activity. See *Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993) (finding that the defendant must have some part in directing the affairs of the enterprise). Plaintiff's non-conclusory allegations are more consistent with BANA conducting its own business initiatives, as a banking institution, and those types of allegations are not sufficient to plead a RICO enterprise. *See Parm v. Nat'l Bank of California, N.A.*, 242 F. Supp. 3d 1321, 1347 (N.D. Ga. 2017). Accordingly, Plaintiff's RICO claim should be dismissed with prejudice as a matter of law.

### c.  Plaintiff Fails To Allege A Scheme To Defraud.

In the Amended Complaint, Plaintiff fails to sufficiently allege a scheme to defraud or use of mail in furtherance thereof with particularity. Plaintiff alleges no facts evincing that BANA devised a scheme to defraud Plaintiff or ever intended to defraud her. For these reasons alone, Plaintiff's RICO Claims should be dismissed. Moreover, Plaintiff has not alleged the "fraud" underlying the purported scheme to defraud against the Plaintiff with particularity under Rule 9(b). Plaintiff makes a number of general allegations about BANA, but, as stated supra, these allegations were not fraudulent and so far as her Amended Complaint alleges, the scheme to inflate her premiums has cost BANA money and given it nothing in return. Therefore, Plaintiff does not have a viable RICO claim. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F. 3d 1309, 1316-17 (11th Cir. 2007).

### d.  Plaintiff Fails To Allege A Proximately Caused Injury.

Finally, to establish a RICO claim, Plaintiff must allege an injury proximately caused by the RICO violation. *Williams v. Mohawk Indus., Inc.,* 465 F.3d 1277, 1282 (11th Cir. 2006). Courts are encouraged to "scrutinize proximate causation at the pleading stage and carefully evaluate whether the injury pled was proximately caused…" *Id*. "The central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id*. Stated otherwise, courts must give careful

consideration to the "relation between the injury asserted and the injurious conduct alleged." Additionally, although first-party reliance is not an element of a RICO claim where fraud is alleged, a plaintiff must show that someone relied on the misrepresentations to show either "but for" or proximate causation. *Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639, 658-59 (2008). "A plaintiff asserting a RICO claim based on fraud must show that someone, either themselves or a third party, relied on the misrepresentations and that such reliance caused plaintiff's injury." *Numrich v. JPMorgan Chase Bank, N.A*., 2012 U.S. Dist. LEXIS 74687 (D. Or. May 30, 2012) (dismissing a similar RICO claim for absence of reliance or other proximate cause).

Plaintiff fails to provide even a perfunctory recitation that she relied upon any representations, and Plaintiff fails to explain how she was allegedly harmed. The fact that Plaintiff did not rely on any false statement, however, leads this Court to the conclusion that Plaintiff has not alleged a cause of action for a RICO violation.

In sum, Plaintiff failed to allege that BANA made any fraudulent statements, failed to allege any predicate acts – much less a pattern of racketeering activity, failed to allege the existence of an enterprise, failed to allege a scheme to defraud, and failed to allege that she relied on fraudulent statements or was harmed. Plaintiff's

cause of action for a RICO violation utterly fails and should be dismissed with prejudice.

## VI.   CONCLUSION

Thus, the Court should grant BANA's Motion to Dismiss and dismiss this lawsuit with prejudice since Plaintiff's claims all fail as a matter of law.

This 13th day of December, 2018.

/s/ Allison G. Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison G. Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309
(404) 443-5700 (Telephone)
(404) 443-5677 (Facsimile)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Counsel for Defendant Bank of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ONI ROBERTS, | |
| Plaintiff, | CIVIL ACTION FILE No. 1:18-cv-05229-MHC-AJB |
| v. | |
| BANK OF AMERICA CORPORATION, *et al* | |
| Defendants. | |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on the undersigned date, I electronically filed the foregoing ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT [DOC. 10]*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Oni Roberts
5371 Charity Way
Stone Mountain, GA 30083
*Plaintiff, Pro Se*

35

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 13th day of December, 2018.

/s/ Allison G. Rhadans
Jarrod S. Mendel
Georgia Bar No. 435188
Allison G. Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309
(404) 443-5700 (Telephone)
(404) 443-5677 (Facsimile)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Counsel for Defendant Bank of America*

36