IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ONI ROBERTS,

   Plaintiff,

v.

BANK OF AMERICA, CORP., FAY
SERVICING, LLC, US BANCORP,
STATEBRIDGE COMPANY, LLC,
WILMINGTON SAVINGS FUND
SOCIETY, FSB as trustee for Prime
Star – H Fund, I Trust, PRIMESTAR
FUND, I TRS, INC., AND BRET
CHANESS,

   Defendants.

CIVIL ACTION FILE

No. 1:18-cv-05229-MHC-AJB

UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION

This matter is before the Court upon Motions to Dismiss filed by Bank of America, Corporation ("Bank of America"), Bret J. Chaness, Primestar Fund, I TRS, Inc. ("Primestar"), Statebridge Company, LLC ("Statebridge"), Wilmington Savings Fund Society, FSB,  as trustee for Prime Star – H Fund, I Trust ("Wilmington") (Chaness, Primestar, Statebridge, and Wilmington hereinafter referred to as the "Primestar Defendants"), Fay Servicing, LLC ("Fay"), and US

Bancorp ("Bancorp") (Fay and Bancorp hereinafter referred to as the "Fay Defendants"). [Docs. 13, 15-16]. Defendant Bank of America has also moved to stay pretrial deadlines and discovery, [Doc. 4], and Plaintiff has moved to stay a writ from DeKalb County Superior Court, [Doc. 17].

For the reasons set forth herein, the undersigned **RECOMMENDS** that each of the Defendants' motions to dismiss be granted and that Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE**. The undersigned **FURTHER RECOMMENDS** that Plaintiff's motion to stay the writ from Dekalb County Superior Court be **DENIED**. Defendant Bank of America's motion to stay pretrial deadlines and discovery is **DENIED AS MOOT**.

I.    *Motion to Dismiss*

    A.    *Background*

        *1.    Procedural History*

Plaintiff has filed several previous suits related to the purchase of property located at 5371 Charity Way, Stone Mountain, Georgia 30083 (hereinafter "the Property"). Relevant here, in 2016 Plaintiff filed a lawsuit against Primestar in DeKalb County Superior Court, which Primestar removed to this Court. [*See* Case

No. 1:16-cv-01620-MHC-AJB, Docs. 1, 1-1].[1]  In that matter, Plaintiff essentially claimed that Defendant could not foreclose upon the Property because the security deed was fraudulently created by robo-signers, the deed under power of sale was a bogus document containing false information, the assignments were invalid, and Defendant had not unified the note and mortgage.  [*See* 1:16-cv-01620-MHC-AJB, Doc. 1-1 at 5-8].  The District Judge granted Defendant's motion for judgment on the pleadings, which was premised upon a failure to state a claim under Fed. R. Civ. P. 12(b)(6).

In 2017, Plaintiff again filed suit against Primestar in DeKalb County Superior Court and the case was again subsequently removed to this Court.  [Case No. 1:17-cv-01915, Docs. 1, 1-1].  In the complaint, Plaintiff asserted Defendant failed or refused to answer validation requests, the alleged assignments were invalid, and her mortgage and note were held by two different entities.  [Case No. 1:17-cv-01915, Docs. 1-1 at 8]. Plaintiff alleged the following eight counts against Primestar: (1) the security deed had not been signed by her, was robo-signed,

---

[1] A court may take judicial notice of public records in considering a motion to dismiss without transforming it into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *see also Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, *2 (11th Cir. Oct. 4, 2007) (per curiam).

included numerous other errors, and that the servicing companies had refused to accept her loan payments, all of which together constituted deceptive trade practices, [*id.* at 9-12], (2) fraud, [*id.* at 12-13], (3) "violation of REMIC LAW," [*id.* at 13-15], (4) "violation of the servicer performance agreement," [*id.* at 15], (5) "violation under the uniform commercial code/articles 3 & 9," [*id.* at 15-17], (6) "REMIC violation by all defendants with the I.R.S.," [id. at 17-18], (7) unjust enrichment, [*id.* at 18- 19], and (8) "abuse of legal process" due to the attorneys involved failing to disclose faulty foreclosure paperwork while representing banks and other mortgage service companies, [*id.* at 19-20].

Defendant moved for a dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and this Court recommended the complaint be dismissed with prejudice on the basis of *res judicata*. [Doc. 3, Doc. 21 at 11-16]. This Court determined that *res judicata* applied because the parties were identical, the causes of action were identical in that both relied upon fraud, REMIC, and the UCC, the facts underlying Plaintiff's claims were the same in that she argued that the public documents underlying the foreclosure on the Property were fraudulent, invalid, and did not provide a basis for foreclosure, and the previous action was decided by a final decision after the parties had a full opportunity to adjudicate the case. [*Id.* at

13-15]. The District Judge adopted the recommendation over Plaintiff's objections. [Doc. 25].[2]

Plaintiff filed the current action in DeKalb County Superior Court on October 12, 2018. [Doc. 1-1 at 63]. Defendants removed the action to this Court on November 14, 2018 on the basis of federal question jurisdiction. [Doc. 1 at 3-5]. Bank of America filed a motion to stay pretrial deadlines and discovery and a motion to dismiss for failure to state a claim on November 19, 2018. [Docs. 4-5]. The Primestar and Fay Defendants both also filed motions to dismiss the complaint. [Docs. 7-8]. On December 4, 2018, Plaintiff filed an amended complaint, [Doc. 10], and each of the Defendants have filed motions to dismiss that complaint, [Docs. 13, 15-16].

---

[2]    Plaintiff also filed suit against Primestar in Dekalb County Superior Court twice in 2016, [*see Roberts v. Primestar Fund I Trs, Inc.*, Case No. 16-cv-4403 (DeKalb Cty. Sup. Ct. 2016) & *Roberts v. Primestar Fund I TRS Inc.*, Case No. 16-cv-5275 (DeKalb Cty. Sup. Ct. 2016)], and against Statebridge and Primestar in 2018 in Dekalb County Superior Court, which the Defendants later removed to this Court, [Case No. 1:18-cv-03000, Docs. 1, 1-1]. Chaness was identified as the attorney representing the Defendant in the dockets for each of the cases.

On February 8, 2019, Plaintiff filed a motion to stay the writ from the Superior Court of DeKalb County, [Doc. 17], which each of the Defendants have opposed, [Docs. 18-20].

>    2.    Facts[3]

The Court gleans the following facts from the complaint and attachments. [Doc. 1-1 at 63-109].  On July 25, 2006, Plaintiff signed a promissory note and security deed from Bank of America, N.A. (hereinafter "BOA") to fund the purchase of the Property.  [*Id.* at 68-69].  Plaintiff filed for a loan modification on April 7, 2010 and discovered that her loan had been taken over by a different company.  [*Id.* at 71].  The loan or servicing rights were sold to Fay on February 1, 2014, who then sold the loan to Bancorp.  [*Id.* at 71-72].  Plaintiff again applied for a loan modification on July 7, 2014, but Fay had sold the loan servicing rights to

---

[3]    Plaintiff has incorporated the facts section from her original state court complaint into her amended complaint.  *See* LR 15.1, NDGa.  When considering a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in a plaintiff's complaint and construes those facts in the light most favorable to the plaintiff.  *See Bryant*, 187 F.3d at 1273 n.1 ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept a plaintiff's legal conclusions.  *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Statebridge, who later sold them to Wilmington. [*Id.* at 72]. Plaintiff sent a request to Statebridge requesting specific information about her loan on October 13, 2014 and Statebridge responded by informing her she was in default and that it was accelerating her loan. [*Id.* at 73-74]. Plaintiff alleges that, although the Property was allegedly sold at auction, it was sold improperly because it was never actually called out by the auctioneer. [*Id.* at 74].

In her first claim, Plaintiff alleges that Bank of America, Fay, Bancorp, and Wilmington committed false representation and falsified mortgage documents. [Doc. 10 at 4]. Specifically, Plaintiff alleges that Bank of America included her ex-husband's income when granting her a loan modification without her consent in violation of the Georgia Mortgage Fraud Act, O.C.G.A. § 16-8-101. [*Id.* at 4-6]. Plaintiff alleges that, as a result, she was unable to make her modified payments and, additionally, that Bank of America purposely added her ex-husband's income to make the modification as unhelpful as possible. [*Id.* at 5-6]. Plaintiff further alleges that Fay made false representations to her in an attempt to stop her from seeking to refinance or obtain modification with another entity. [*Id.* at 6-7]. Plaintiff alleges that Fay informed her that she could not be foreclosed upon while seeking a modification, but Fay sold its servicing rights to Statebridge and the Property was foreclosed upon shortly thereafter. [*Id.* at 7-8].

In her second claim of relief, Plaintiff asserts breach of contract against Bank of America, Wilmington, Statebridge, and Bancorp.  [*Id.* at 8].  Specifically, Plaintiff alleges that she entered into a binding note and security deed with Bank of America when she purchased her home but that Bank of America, Statebridge, Wilmington, and Fay violated the security deed by adding loan charges.  [*Id.* at 8-9].  Plaintiff further alleges that Bank of America violated the security deed by failing to credit her payments and by adding her ex-husband's income to her loan modification application.  [*Id.* at 9-10].  Plaintiff alleges she had a principal-agent relationship with Wilmington and it breached its legal duty to her by failing to fairly exercise the power of sale in the security deed and by failing to inform her of the remedies included in the security deed.  [*Id.* at 10-11].

In her third claim for relief, Plaintiff alleges that Statebridge and Wilmington committed a breach of good faith and fair dealing by claiming that a fair auction occurred when the Property was never called out at the alleged auction.  [*Id.* at 13]. In her fourth claim for relief, Plaintiff alleges that Wilmington, Statebridge, and Chaness engaged in a wrongful foreclosure.  [*Id.* at 14].  She alleges that they owed her a legal duty under O.C.G.A. § 23-2-114 to fairly exercise their power of sale, which they failed to do by not selling the Property to the highest bidder and not even calling it out at auction.  [*Id.* at 14-15].  She argues that the property was sold

8

for $100, which is grossly inadequate and which resulted in the sale not actually being consummated. [*Id.* at 16-17]. She alleges that fraud and bid-rigging were involved and that she did not receive proper notice of the foreclosure. [*Id.* at 16-17].

In her fifth claim for relief, Plaintiff alleges that Fay, Statebridge, Wilmington, and Primestar violated 12 U.S.C. § 2601 and § 2605 by failing to inform her that her loan was being transferred within the timeframes required. [*Id.* at 18-20]. Plaintiff further alleges that Fay, Statebridge, Wilmington, and Primestar violated 12 C.F.R. §1024.36(d)(2)(i)(A) by not providing contact information for the true owner of her promissory note within ten days, that Bancorp did not respond to numerous requests for information, and that Bancorp, Fay, Statebridge, Wilmington, and Primestar are "listed servicers" and intentionally violated the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.* [*Id.* at 20-22].

In her sixth claim for relief, Plaintiff alleges that Defendants were negligent, in that they owed her a duty related to the servicing of her mortgage that they repeatedly breached by failing to properly administer her payments, foreclosing while she was in the process of applying for a loan modification, and failing to maintain accurate loan records and, as a result, she suffered severe economic, emotional, and physical harm. [*Id.* at 22-23].

9

Finally, in her seventh claim for relief, Plaintiff alleges that Bank of America, Wilmington, Chaness, Statebridge, Fay and Primestar violated Georgia's Racketeer Influenced and Corrupt Organizations Act ("RICO") by being involved in a scheme that constituted residential mortgage fraud.  [*Id.* at 24-25].  As relief, Plaintiff seeks various types of damages and seeks an affordable loan modification with a fixed interest rate.  [*Id.* at 26].[4]

### B.   Res Judicata

#### 1.   Argument

In their motion to dismiss, the Primestar Defendants argue that Plaintiff's claims are barred by *res judicata*.  [Doc. 15-1 at 9].  Specifically, they argue that this Court entered a final judgment in litigation between Plaintiff and Primestar, this Court is a court of competent jurisdiction, the parties are substantially similar for purposes of *res judicata* because they involve the same parties or their privies, and this case involves the same cause of action as the previous litigation.  [*Id.* at 10-14].  They argue that Statebridge was in privity with Wilmington because it acted as its loan servicer.  [*Id.* at 12].  They also note that Wilmington was a preceding

---

[4]   It appears that a small portion of Plaintiff's amended complaint relating to her requested relief may have been cutoff.  [*See* Doc. 10 at 26-27]. Because the resolution of this case does not require the Court decide the issue of damages, as discussed below, the Court proceeds to analyze Plaintiff's claims.

or succeeding owner in the chain of title to property, which creates privity. [*Id.*].

Defendants also argue that attorneys are in privity with their clients and Chaness

represented Primestar and Statebridge in Plaintiff's previous lawsuits. [*Id.*].  Next,

Defendants argue that the current and prior litigations involved the same cause of

action because both cases involved challenges to the security deed, assignments,

and foreclosure sale, and so arose from the same nucleus of operative facts.

[*Id.* at 13-14].

Primestar Defendants have attached a number of documents to their motion

to dismiss.[5]  First, they have attached a copy of the security deed between Plaintiff,

---

[5]      Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of a complaint.  *See* Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).  However, a court need not make this conversion when considering a document if "the attached document is (1) central to the plaintiff's claim and (2) undisputed."  *Day*, 400 F.3d at 1276; *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997).  A document is "undisputed" when its authenticity is unchallenged. *Day*, 400 F.3d at 1276; *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  In addition, "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."  *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).  The undersigned also notes that, where there is a conflict between allegations in a pleading and the attached exhibits, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.  Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

her husband, and Bank of America as security for the mortgage loan of $302,000 on the Property, which is dated July 26, 2006. [Doc. 15-2 at 2-18]. Next, they have attached an assignment of the security deed, dated March 19, 2014, from Bank of America to Bancorp. [*Id.* at 20-21]. Third, they attached an assignment of the security deed from Bancorp to Wilmington, dated December 16, 2014. [*Id.* at 22-23]. Next, Primestar Defendants have included a deed under power, dated October 6, 2015, indicating that the Property was purchased by Wilmington at auction at a sale "to the highest and best bidder for cash . . . within the legal hours of sale at the usual place for conducting sheriff's sales in DeKalb, Georgia." [*Id.* at 25-28]. Finally, they have attached a special warranty deed, dated December 11, 2015, for the Property between Wilmington and Primestar. [*Id.* at 30-32].

In its motion to dismiss, Bank of America also argues, among other things, that Plaintiff's claims are barred by *res judicata*. [Doc. 13-1 at 11-13]. Bank of America argues that the criteria for *res judicata* are met because this Court's prior dismissal constitutes a final judgment on the merits, this Court is one of competent jurisdiction, the previous litigation involved Bank of America or its privy, and the same cause of action was involved in both cases. [*Id.* at 12]. Regarding the cause of action, Bank of America argues that Plaintiff's claims against it arise from its

conduct in connection with her failure to meet her loan obligations and, although she has made some new allegations, she could just as easily have made them in her previous lawsuits.  [*Id.* at 12-13].[6]

Plaintiff did not file a response to the motions to dismiss.  [*See generally* Dkt.].

### 2.    Applicable Law

"*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  It "is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy."  *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006).

*Res judicata* applies if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Ragsdale*, 193 F.3d at 1238 (citation omitted).

" 'Generally both the party invoking res judicata and the party against whom it is invoked must have been represented in the prior action for res judicata to

---

[6]    The Fay Defendants did not raise *res judicata* as a defense in their motion to dismiss.  [*See generally* Doc. 16-1].

13

apply.' " *Vereen v. Everett*, No. 1:08-CV-1969-RWS, 2009 WL 901007, at *3 (N.D. Ga. Mar. 31, 2009) (quoting *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1559 (11th Cir. 1993)).

Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) qualifies as a judgment on the merits. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (quoting *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).  Privity exists between loan servicers and lenders or transferees because they share a common interest in collecting the debt owed and enforcing the same property right. *Bailey v. Deutsche Bank Tr. Co. Americas*, No. 3:13-CV-00001, 2013 WL 820411, at *3 (M.D. Ga. Mar. 5, 2013).  For preclusion purposes, substantive legal relationships such as predecessors and successors of interest in real property can justify a finding of privity. *Crooked Creek Properties, Inc. v. Ensley*, No. 2:08-CV-1002, 2009 WL 3644835, at *16 (M.D. Ala. Oct. 28, 2009) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)), ), *aff'd*, 380 Fed. Appx. 914 (11th Cir. May 28, 2010); *see also Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir. 1990) ("A non-party is in privity with a party for res judicata purposes . . . if he has succeeded to the party's interest in property[.]")[7]; *Southwest*

---

[7]     Error! Main Document Only.In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding

*Airlines Co. v. Texas Int'l Airlines*, 546 F.2d 84, 95 (5th Cir. 1977) (same).  The attorney-client relationship establishes privity.   *Bouldin v. Mortg. Elec. Registration Sys., Inc.*, No. 114-cv-03214, 2015 WL 11517084, at *7 (N.D. Ga. Feb. 5, 2015), *report and recommendation adopted by*, 2015 WL 11622462 (N.D. Ga. Feb. 23, 2015).

In any event, "the naming of additional parties does not eliminate the res judicata effect of a prior judgment 'so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom the doctrine is asserted was a party to the former litigation.' "   *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992) (quoting *Dreyfus v. First Nat'l Bank of Chicago*, 424 F.2d 1171, 1175 (7th Cir. 1970)); *Bedrock Svcs. v. Int'l Broth. of Elect. Workers Local Union Nos. 238, 342 & 495*, 285 F. Supp. 2d 693, 700 (W.D.N.C. 2003).

"Claims are part of the same 'cause of action' when they 'arise out of the same transaction or series of transactions.' "   *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002) (citation omitted).  This means that the cases must be based on the same factual predicate or come from the same nucleus

---

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

15

of operative fact.  *Id.*  "[T]he test for 'common nucleus of operative fact' . . . is not simply one of whether the two claims are related to or may materially impact one another.  The underlying core of facts must be the same in both proceedings."  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1301 (11th Cir. 2001).  If they arise from the same nucleus of operative facts, "the fact that [the current] action includes additional claims not included in the previous action does not, by itself, prohibit the application of res judicata."  *Hosseinzadeh v. Greenpoint Mortg. Funding, Inc.*, No. 1:13-CV-01269, 2013 WL 12095674, at *4 (N.D. Ga. Dec. 23, 2013), *aff'd sub nom.*, 577 Fed. Appx. 925 (11th Cir. Aug. 18, 2014).

>    3.    Analysis

The undersigned finds that the doctrine of *res judicata* bars Plaintiff's current action against Defendants.[8]  The Court begins by analyzing the *res judicata* claims against the Primestar Defendants.  [Doc. 15-1 at 10-14].  With regard to the first *Ragsdale* factor, *Ragsdale*, 193 F.3d at 1238, it is undisputed that Plaintiff has filed two previous suits against Primestar that were removed to this Court and that were dismissed with prejudice, (*see* Case No. 1:16 cv 01620-MHC-AJB, Docs. 5, 16;

---

[8]    Given that Plaintiff has filed at least five previous lawsuits against Primestar and the other Defendants in this matter, the Court finds that her pro se status should not shield her from the application of *res judicata*.  *Vereen*, 2009 WL  01007, at *3.

Case No. 1:17-cv-01915, Docs. 21, 25). The grant of a motion to dismiss for failure to state a claim constitutes a final adjudication on the merits for purposes of *res judicata*. *Hunt*, 891 F.2d at 1560. It is also undisputed that a federal district court is a court of competent jurisdiction, satisfying the second criteria. *Ragsdale*, 193 F.3d at 1238.

There is also no question that both Plaintiff and Primestar were the parties that were involved in the prior lawsuits. (*See generally* Case Nos. 1:16-cv-01620-MHC-AJB, 1:17-cv-01915); *Ragsdale*, 193 F.3d at 1238. In addition, the remaining Primestar Defendants are in privity with Primestar. The dockets for both previous actions show that Chaness represented Primestar in those litigations and, as its attorney, he is considered to have been in privity with Primestar. (*See generally* Case Nos. 1:16 cv 01620-MHC-AJB, 1:17-cv-01915); *Bouldin*, 2015 WL 11517084, at *7. Further, the record reveals that the Security Deed assigned from Bancorp to Wilmington, [Doc. 15-2 at 22-23], and a special warranty deed was issued from Wilmington to Primestar, [*id.* at 30-32]. Because Wilmington was a predecessor-in-interest to the interest in the Property, it is in privity with Primestar for purposes of *res judicata*. *Crooked Creek Properties, Inc.*, 2009 WL 3644835, at *16. Finally, both the Primestar Defendants and Plaintiff assert that Statebridge acted as a loan servicer. [Doc. 10 at 19-22; Doc. 15 at 12].

17

Therefore, privity exists between Primestar and Statebridge. *Bailey*, 2013 WL 820411, at *3. *See also Borneo, Inc.*, 971 F.2d at 249; *Bedrock Svcs.*, 285 F. Supp. 2d at 700.

Finally, the Court finds that the current action and Plaintiff's previous actions, and specifically her filing in 2017, [*see* Case No. 1:17-cv-01915, Doc. 1-1 at 8-20], raised the same claims, *Ragsdale*, 193 F.3d at 1238. The Court finds that the two lawsuits have arisen out of the same series of transactions and have a common nucleus of operative facts. *Trustmark Ins. Co.*, 299 F.3d at 1269-70; *In re Piper Aircraft Corp.*, 244 F.3d at 1301. Specifically, the Court finds that both suits are based on the loan Plaintiff took out to fund the purchase of the Property, the assignment and service of that loan, and the ultimate foreclosure and sale of the Property. *Id.*

The Court also finds that the two suits raise effectively the same claims. In her first claim, Plaintiff argues that Defendants made false representations and falsified mortgage documents, [Doc. 10 at 4-8], and in her earlier complaint Plaintiff alleged that her security deed was falsified and Primestar committed other false and deceptive business practices, [Case No. 1:17-cv-01915, Docs. 1-1 at 9-12]. In her second claim in the current suit, Plaintiff alleges that Defendant's committed breach of contract, [Doc. 10 at 8-11], and in her previous suit she alleged violations

18

of the servicer performance agreement and UCC, [Case No. 1:17-cv-01915, Docs. 1-1 at 15-17]. In Plaintiff's third claim, she alleges a violation of good faith and fair dealing, [Doc. 10 at 13], and in her prior suit she alleged that Primestar had abused the legal process by failing to disclose faulty paperwork, [Case No. 1:17-cv-01915, Docs. 1-1 at 19-20].

In her fourth claim she alleges wrongful foreclosure due to problems with the auction, [Doc. 10 at 14-17], and in her prior suit she alleged that foreclosure was wrongful because her note was held by two different entities and the assignments were faulty, [Case No. 1:17 cv 01915, Docs. 1-1 at 8]. In her fifth claim, Plaintiff alleged that Defendants failed to inform her that her loan had been transferred in the time required, [Doc. 10 at 18-22], and in her prior action she claimed the Defendant had failed to answer or timely answer validation requests, [Case No. 1:17 cv 01915, Docs. 1-1 at 8]. Finally, in her sixth and seventh claims, Plaintiff alleges both that Defendants acted negligently in exercising their duties related to her mortgage, for example by foreclosing while she was in the middle of a loan modification and failing to maintain accurate loan records, and that they violated Georgia's RICO statute by working together to commit residential mortgage fraud. [Doc. 10 at 22-26]. In her previous lawsuit Plaintiff did not allege negligence, per se, but did allege that the assignment of the Security Deed

19

contained numerous errors.  [Case No. 1:17 cv 01915, Docs. 1-1 at 8-9].  Also, although she did not allege a RICO violation in her previous complaint, she did allege that Primestar engaged in fraud, [*id.* at 12-13], and now that additional Defendants have been added to the suit, she alleges that they all committed fraud and worked together to accomplish it.

Furthermore, to the extent that Plaintiff has raised new claims in her current suit, the Court finds that those same claims, which involved activity that occurred between 2006 and 2014, [*see* Doc. 1-1 at 69-74], could have been raised in her previous suit, which was filed in 2017, *Ragsdale*, 193 F.3d at 1238.  The court also notes that, because Plaintiff's claim all arose from the same nucleus of operative fact, raising new claims here would not necessarily prohibit the application of *res judicata. Hosseinzadeh*, 2013 WL 12095674, at *4.  In short, the Court finds that, although Plaintiff has added new Defendants and altered some of her legal claims, the basis of her claims is the same.  Accordingly, the application of the doctrine of *res judicata* appropriately promotes judicial economy in this case by preventing the relitigation of these claims against Primestar as well as against the remaining Defendants.  *In re Atlanta Retail, Inc.*, 456 F.3d at 1284.

The Court also finds that *res judicata* precludes Plaintiff's claims against Bank of America.  [Doc. 13-1 at 11-13].  For the reasons stated above, the Court

finds that there was a both a final judgment on the merits and that the decision was rendered by a court of competent jurisdiction. *Ragsdale*, 193 F.3d at 1238. The Court also notes that the record indicates that that Bank of America assigned its interest in the security deed to Bancorp, who subsequently assigned it to Wilmington, and who later executed a special warranty deed for the Property to Primestar. [Doc. 15-2 at 20-23, 30-32]. As a predecessor in interest, Bank of America is in privity with Primestar and the other Primestar Defendants. *Crooked Creek Properties, Inc.*, 2009 WL 3644835, at *16. Finally, the Court finds that the claims Plaintiff raises against Bank of America, which include her first, second, sixth, and seventh claims, [Doc. 10 at 4-11, 22-26], were raised, as described above, or could have been raised in her previous suit, *Ragsdale*, 193 F.3d at 1238.

Lastly, and despite the fact that they have not raised the issue, the Court is compelled to find that *res judicata* bars Plaintiff's claims against the Fay Defendants. As previously stated, there was a both a final judgment on the merits and that the decision was rendered by a court of competent jurisdiction. *Ragsdale*, 193 F.3d at 1238. As described above, Bancorp was a predecessor to the interest to the Property that was later assigned to the Wilmington and Primestar, [Doc. 15-2 at 22-23, 30-32], which creates privity. *Crooked Creek Properties, Inc.*, 2009 WL 3644835, at *16. Because Fay is a servicing company, [Doc. 1-1 at 72],

21

and therefore shares a common interest in collecting the debt owed and enforcing the same property right, it is also in privity, *Bailey*, 2013 WL 820411, at *3. Finally, the Court finds that the claims Plaintiff raises against Fay Defendants, which include her first, second, fifth, sixth, and seventh claims, [Doc. 10 at 4-11, 22-26], were raised, as described above, or could have been raised in her previous suit, *Ragsdale*, 193 F.3d at 1238.

Accordingly, each of Plaintiff's claims are barred by the doctrine of *res judicata* and the undersigned **RECOMMENDS** that the complaint be **DISMISSED**.

## II.    *Motion to Stay*

On February 8, 2019, Plaintiff filed a motion to stay a writ from the Superior Court of DeKalb County, Georgia.  [Doc. 17].  Plaintiff's filing indicates that the writ was issued in Case No. 16-cv-1575, described above, in which Primestar was the defendant and that the writ relates to the Property.  [*Id.*].  Plaintiff argues that previous cases were dismissed despite the fact that Defendant did not timely respond to her complaint and its motions to dismiss did not provide relevant facts, failed to produce either a note or proof of claim, and were based on bogus documents.  [*Id.*].   Plaintiff argues that she was forced to file bankruptcy as a result of Defendant's actions, requests an investigation, and asserts that Defendant has

22

failed or refused to follow court rules and procedures.  [*Id.* at 2].  Among other relief, Plaintiff seeks an automatic stay of her eviction.  [*Id.*].

In response, the Primestar Defendants [9] argue that granting Plaintiff's requests would violate the *Rooker-Feldman* doctrine.  [Doc. 19 at 2-3].  They also argue that Plaintiff's motion to stay should be denied because her claims are barred by the doctrine of *res judicata* and are therefore meritless.  [*Id.* at 3].

The undersigned finds that Plaintiff's claims are meritless for the reasons described above.  The Court also notes that, as argued by the Primestar Defendants, the Court's review of the final decision of a state court is barred by the *Rooker-Feldman* doctrine.  *See, e.g., Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) ("The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation"); *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (noting that the *Rooker-Feldman* doctrine prevents all federal courts except for the United States Supreme Court from reviewing final judgments of state courts, including constitutional claims and

---

[9]    Although each of the Defendants filed a response to Plaintiff's motion to stay, [*see* Docs. 18, 20], the Court only considers the opposition of the Primestar Defendants, as they were the only Defendant to the action in which the writ was issued.

claims "inextricably intertwined" with state-court judgments).   Accordingly, the

Court **RECOMMENDS** that Plaintiff's motion to stay be **DENIED**.

*III.*   *Conclusion*

Accordingly, each of Plaintiff's claims are barred by the doctrine of *res*

*judicata* and the undersigned **RECOMMENDS** that the matter be **DISMISSED**

**WITH PREJUDICE**.[10]   The undersigned **FURTHER RECOMMENDS** that

Plaintiff's motion to stay the writ from DeKalb County Superior Court be **DENIED**.

Defendant Bank of America's motion to stay pretrial deadlines and discovery is

**DENIED AS MOOT**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

_____

[10]   The Eleventh Circuit has stated, "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Schmitt v. U.S. Office of Pers. Mgmt.*, No. 09-14783, 2010 WL 4721618, *1 (11th Cir. Nov. 23, 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*)).  "Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." *Jemison v. Mitchell*, No. 09-15635, 2010 WL 2130624, *2 (11th Cir. May 27, 2010). Plaintiff should not be afforded an opportunity to amend in this case because her claims are barred by the doctrine of *res judicata* and, accordingly, could not be restated in a valid manner in a more carefully drafted complaint. *Id.*  As a result, the undersigned **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend.

24

**IT IS SO RECOMMENDED and DIRECTED**, this 5th day of July, 2019.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE